UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA JENICE BROWN, Personal
Representative of the Estate of
TIMOTHY ANTOINE CURRY, Deceased,

      Plaintiff,                                         Case Number: 04-70438

v.                                                            Honorable Victoria A. Roberts

THE TOWNSHIP OF CLINTON, et al.,

      Defendants.

_____/

OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S MEMORANDUM OPINION AND ORDER ON
IN CAMERA INSPECTION

**I.     INTRODUCTION**

This matter is before the Court on Plaintiff's Objections to Order By Magistrate Issued June 17, 2005 denying plaintiff's motion to compel discovery. The Court ADOPTS the Magistrate Judge's Memorandum Opinion and Order.

**II.    BACKGROUND**

The Plaintiff filed a complaint on February 9, 2004 alleging that Tim Curry was wrongfully shot and killed by police officers of the Clinton Township Police Department ("CTPD"). Plaintiff alleges that the police officers were inside a house with a seemingly compliant Mr. Curry when, without warning, Officer Vauris tackled him. The Plaintiff theorizes that after Officer Vauris tackled Mr. Curry, he then shot Mr. Curry in the side; that

1

the other officers, after hearing gunfire, shot and killed Mr. Curry under the mistaken belief that Mr. Curry had actually shot Officer Vauris; and that the officers, while firing at Mr. Curry, accidentally hit Officer Vauris and killed him as well. Ultimately, the Plaintiff concluded that Defendants made an unreasonable seizure of Mr. Curry and conspired to conceal and cover up the true circumstances surrounding the two deaths.

On March 15, 2005, Plaintiff filed a motion to compel, *inter alia*, the personnel records of Officer Vauris. Plaintiff stated that the toxicology report of Officer Vauris detected amphetamines and ephedrine in his system, which may have influenced his conduct that day. Thus, Plaintiff wanted to know if the Township of Clinton had any knowledge of Officer Vauris' drug usage. The Defendants objected, based on privilege and relevance. Following a telephone hearing held on May 20, 2005, Magistrate Judge Pepe issued a Memorandum Opinion and Order holding that the records were not privileged.  But, he required the Defendants to submit the personnel records for an in camera inspection regarding their relevancy.

The scope of the in camera inspection was to review "any evidence of any behavior or trait that might suggest a dangerous or assaultive propensity of Officer Vauris or any indications that he might overreact to a stressful situation." Magistrate Judge Pepe reviewed the documents and noted that there was a temporary personal protective order issued against Officer Vauris that was later dismissed after a hearing on its merits. In addition, there was evidence relating to Officer Vauris' alcohol consumption, including two arrests for operating under the influence of liquor, followed by periods of disciplinary suspension and alcohol rehabilitation treatment. Magistrate Judge Pepe then concluded that the requested documentation was not relevant to a claim or defense, or the subject matter of this action, nor

were there any documents that might reasonably lead to admissible evidence. Accordingly, the Plaintiff's motion was denied.

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), a magistrate's ruling on a non-dispositive motion cannot be reversed unless it was clearly erroneous or contrary to law. *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985); *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth*, 162 F.R.D. at 291 (citations omitted). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992) (citations omitted). 'With respect to the magistrate judge's conclusions of law, the reviewing court must exercise independent judgment.' *Haworth*, *supra*, at 291.

### IV. APPLICABLE LAW AND ANALYSIS

Under Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Evidence is deemed relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence." Fed. R. Evid. 401; *see also Compuware Corp. v. Moody's Investors Servs., Inc.*, 222 F.R.D. 124, 127 (E.D. Mich. 2004).

Plaintiff argues that evidence of Officer Vauris' emotional, physical, and drug dependence status at the time of the incident is relevant to her theory of an unreasonable seizure (excessive force) and failure to supervise under 42 U.S.C. § 1983. In support of this argument, Plaintiff offers extensive information, including statements from witnesses and police officers; the autopsy report of Tim Curry; Officer Vauris' toxicology report; initial ballistics testing; and, the depositions of: Police Captain White; Paula Reynolds, website owner of www.copadorer.com; and William Harding, a prosecutor, to show that Officer Vauris' unexplained behavior led to the unlawful shooting death of Curry.

Plaintiff, however, has not stated that Magistrate Judge Pepe's ruling was clearly erroneous or contrary to law, nor cited to any legal authority on which she bases her objections. Instead, Plaintiff presented much of the same information and restated the same arguments from her March 15, 2005 Motion to Compel.  The Magistrate Judge agreed that Plaintiff should receive all evidence relevant to whether Vauris' unexplained behavior can be attributed to a history of drug usage or his prior course of conduct. In fact, the Magistrate Judge felt that Plaintiff was entitled to *any* evidence revealing a behavior or trait that might suggest that Officer Vauris had a dangerous or assaultive propensity, or which would indicate that he might overreact to stressful situations. However, no such evidence was uncovered. The record does not show that the Magistrate Judge's ruling was contrary to law or clearly erroneous, and Plaintiff has not presented any reasons to suggest otherwise.

4

**V. CONCLUSION**

The Court ADOPTS the Magistrate Judge Pepe's ruling.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: September 8, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 8, 2005.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**