UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LINDA JENICE BROWN, *et al.*, | Case No. 04-70438 |
| Plaintiffs, | Bernard A. Friedman |
| vs. | United States District Judge |
| ALEXANDER ERNST, et al., | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER DENYING MOTION
FOR PROTECTIVE ORDER (Dkt. 122)**

This case began as a wrongful death action with the underlying claim being settled and the net proceeds of the settlement amount being distributed, with the authority of the court, to Minnie Curry on May 22, 2008. (Dkt. 92). Under the terms of that order the entire net proceeds of the lawsuit, $803,363.00, was paid to Ms. Curry, the decedent's grandmother.

On February 13, 2009, Earnest Groves, the decedent's father, petitioned the court to reopen the decision regarding the distribution of the settlement proceeds based on improper conduct on the part of Linda Brown, the personal representative

1

of the estate of the decedent.[1] (Dkt. 97). District Judge Victoria Roberts conducted a hearing on that motion and set aside the earlier order of distribution. (Dkt. 100). The matter was reopened with the intention that additional claimants would be allowed to petition the court for a share of the proceeds from the settlement of the lawsuit. (Dkt. 102).

A scheduling order was entered for the purpose of allowing the various claimants to conduct discovery of matters relevant to the distribution issues. (Dkt. 110). Discovery was sought from Ms. Curry by other claimants. Ms. Curry, through counsel and her conservator Leonard Teamer, opposed the discovery which requested, among other things, copies of medical records. Ms. Curry declined to submit to a deposition based on the state of her health and her attorney filed the present motion for protective order on September 9, 2009. (Dkt. 122). The motion was referred to the undersigned on September 11, 2009 by District Judge Bernard A. Friedman. (Dkt. 123).

A hearing was held on the motion, via telephone conference call, on October

---

[1] It would appear that Linda Brown is no longer the personal representative of the estate of Timothy Brown although she remains the named plaintiff in the case. While it does not appear to be required, the interested parties may want to request a substitution of parties to reflect the current personal representative pursuant to Fed.R.Civ.P. 25(d).

27, 2009. Participating in the hearing were Melissa Z. El, attorney for Leonard Teamer, conservator for Ms. Curry, Lawrence R. Abramczyk, attorney for Earnest Groves, present personal representative for the estate of the decedent, and attorney Barbara J. Ruckes, representing a minor child who was also a claimant in the matter.

Based on the record before the Court and the arguments of counsel during the hearing, the undersigned concludes that:

(A) Minnie Curry is presently one of several claimants with respect to the proceeds of the current lawsuit and, based on previous order of the Court setting aside the earlier distribution to Ms. Curry, no determination has been made as to what portion of the proceeds, if any, will be distributed to her;

(B) Ms. Curry is subject to being deposed as part of the discovery process associated with how the proceeds of the current lawsuit will be distributed assuming that her health permits that to be done;

(C) The other claimants, including Earnest Groves, are entitled to conduct discovery to determine the state of Ms. Curry's health as a preliminary matter and perhaps will be allowed additional discovery as allowed by her health;

(D) The claimants have previously requested medical records which had not

been provided as of the date of the hearing. Counsel for Ms. Curry is directed to forthwith turn over copies of those records she currently has to counsel for claimants and to exercise due diligence in obtaining the remaining medical records that were requested so they can be turned over to counsel for claimants no later than **November 24, 2009**;

(E) Counsel for Ms. Curry will decide whether an additional examination of Ms. Curry will be conducted for the purpose of determining whether she is reasonably capable of being deposed and, if that examination is going to be conducted, the examination will be completed by **December 8, 2009**;

(F) A status conference will be conducted on **December 11, 2009, at 10:00 a.m.** for the purpose of deciding what additional discovery will be allowed and when the settlement conference in this matter can be scheduled.

Under the circumstances described above, it is ordered that the motion for protective order is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any

defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date:  November 6, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 6, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Matthew J. Boufford, Melissa Z. El, G. Gus Morris, and Leonard Teamer, and I hereby certify that I have mailed by United States Postal Service a copy of the paper to the following non-ECF participant: Linda J. Brown, P.O. Box 483, Eastpointe, MI 48021.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov